The trust mortgage in the case at bar gave to the mortgagee managerial powers as to all the assets of the fixture company, the mortgagee to receive as compensation for its services seven and one-half per cent of all moneys paid to the mortgagee or trustee under the mortgage. The mortgagee was authorized to employ a manager for the fixture company's affairs whose reasonable wages should be paid to him the same as other employes of the business. The mortgage contemplated the continued operation of the business, and provided that the fixture company, as mortgagor, should pay to appellant mortgagee from the sales of the merchandise covered by the mortgage the "net balance remaining after deducting the necessary expenses of operating the business of the mortgagor."
There was a provision in the mortgage that, in the event of receivership or foreclosure, appellant mortgagee should first deduct from the funds derived from the mortgage its necessary expenses of administering its trust under the mortgage and that "the balance of all moneys coming into its hands under this mortgage, shall be paid equally and ratably to the present unsecured creditors. . . ." *Page 274 
The mortgage provided that the mortgagor should pay all charges for rent or labor which could become a lien against said property "and take precedence over this mortgage."
Appellant mortgagee never took over the control of the business and there is no showing that appellant mortgagee ever demanded or received any accounting of the application of the proceeds of sales of merchandise or made any inquiry as to the fixture company's operation. When the company closed its doors it was hopelessly insolvent.
I am clear from a reading of the mortgage that the terms of that instrument placed labor liens ahead of the mortgage. Under the statute (Rem. Rev. Stat., § 1149 [P.C. § 9737]) the persons performing labor in the operation of this company were entitled to a prior lien on all of the property of the fixture company, which was used in the operation of the fixture company's business, to the extent of the money due to the person from the fixture company for labor performed within six months next preceding the filing of his claim therefor. The statute further provides:
". . . and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."
The mortgage was, in fact, an assignment for benefit of creditors. At the time it executed the mortgage, and surrendered its right of control to appellant mortgagee to be exercised at will, the fixture company was insolvent. The appellant was paid to manage the business. Whether appellant mortgagee did or did not manage the business is not determinative of the question before us. This conveyance or mortgage was intended as an absolute divestiture of the fixture company's title to the property as well as all control over it; it was made for the purpose of securing a distribution of its proceeds among the mortgagor's creditors; *Page 275 
hence it was, in legal effect (no matter by what name it was called), an assignment for the benefit of creditors. It follows that the costs and expenses incurred by the assignee or mortgagee in the administration of the trust must be paid out of the assigned assets in preference to all other claims, for there are no clear assets subject to distribution until the proper expenses of administration are paid. 5 C.J. 1039, 1277.
Under the statute and the authorities, the labor liens are prior to the mortgage, which is, as stated before, an assignment for benefit of creditors, which mortgage or assignment by its own terms placed labor liens ahead of the mortgage.
The judgment should be affirmed.